# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

BERCOVITZ REVOCABLE FAMILY TRUST UAD 12/03/1997 *et al.,*

Plaintiffs,

v.

DORION BRISBOIS, *et al.,*

Defendants.

Case No.: 3:15-cv-2543-L(KSC)

**ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Pending before the Court in this action alleging violation of federal and state securities laws is Plaintiffs' motion to enforce the settlement agreement. Defendants did not file an opposition. For the reasons which follow, Plaintiffs' motion is granted.

This action arises from Plaintiffs' investment of $250,000 in exchange for a 7.5% membership interest in Defendant Epoch International, LLC. Plaintiffs allege Defendant's fraudulent representations induced them to make the investment, and that the individual Defendants converted the invested funds for their personal benefit.

Plaintiffs filed a complaint in this Court alleging claims for violation of Section 10(b) and Rule 10b-5 of the Exchange Act, California Corporations Code §§25401 and 25504.1 (aiding and abetting), fraudulent and negligent misrepresentation, fraudulent and negligent

concealment, fraudulent inducement, negligence, conversion, unjust enrichment, and unlawful sale.  They seek damages and rescission of their investment.

During the pendency of the case, the parties entered into a settlement agreement providing for structured payments.  (Decl. of Jessica Mackaness ("Mackaness Decl."), Ex. A ("Settlement").)   The Settlement provided for a payment of $275,000 from Defendants Dorion Brisbois, Epoch International, Inc. and Westacres Holdings, LLC (collectively "Defendants"), and for dismissal of claims asserted against Defendant Gene Mancinelli ("Mancinelli").  The Settlement payment was to be made in two installments -- $85,000 and $190,000, and the case was not to be dismissed until payment in full.  (Settlement at 2-3.)

Defendants timely made the first payment, but not the second.  The parties amended the Settlement to allow for additional time for Defendants to pay and compensate Plaintiffs for the delay (Mackaness Decl. Ex. C); however, Defendants again failed to comply.  The parties agreed to another amendment, providing for two payments, $25,000 and $172,000, instead of one for $190,000.  (*Id.* Ex. D ("Second Amendment to the Settlement").)  Again, Defendants timely made the first payment under the Second Amendment to the Settlement, but did not make the final payment.  Defendants did not formally respond to Plaintiffs' notice of default; however, Defendant Brisbois contacted Plaintiffs' counsel to let her know that he would not be making any further payments and was moving to Canada.  (*Id.*at 3.)

Plaintiffs filed the instant motion to enforce the Settlement and enter judgment.  They request a judgment for $190,000 plus simple interest at 10% per year from February 15, 2016.

Because the action has not been dismissed, the Court has jurisdiction to address the issue presented.  *See Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987).  Accordingly, Plaintiffs' motion is granted as unopposed.  *See* Civ. Loc. Rule 7.1(f)(3)(b) & (c); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995).

Pursuant to the terms of the Settlement, upon default, Plaintiffs are entitled to a judgment for $300,000, less payments made, plus interest on the unpaid amount at an annual rate of 10% starting February 15, 2016 until repayment, costs of enforcement, including

reasonable attorneys' fees.  (Settlement at 3.)  The two amendments do not modify this provision.  (*See* Mackaness Decl. Exs. C & D.)  Defendant made two payments, $85,000 and $25,000.  Accordingly, Plaintiffs are entitled to a judgment with the principal amount owing of $190,000.

For the foregoing reasons, Plaintiffs' motion is granted.  The Clerk shall enter judgment jointly and severally against Defendants Dorion Brisbois, Epoch International, Inc. and Westacres Holdings, LLC for $190,000 plus simple interest at the annual rate of ten percent (10%) from February 15, 2016.

**IT IS SO ORDERED.**

Dated:  June 22, 2017

_____
Hon. M. James Lorenz
United States District Judge